UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAMELA JO GONZALEZ PIERRE,**

    **Plaintiff,**

**v.**                                                            **Case No: 5:25-cv-189-PRL**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

                           **ORDER**

Plaintiff Pamela Jo Gonzalez Pierre appeals the administrative decision denying her application for disability insurance benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **reversed** and **remanded**.

## I.    BACKGROUND

On February 1, 2023, Plaintiff filed a Title II application for DIB, alleging disability beginning December 25, 2019. The claim was denied initially on February 14, 2024, and upon reconsideration on April 19, 2024. On May 8, 2024, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before an ALJ on October 17, 2024, where the Plaintiff appeared and testified. On October 24, 2024, the ALJ issued a notice of unfavorable decision, finding the Plaintiff was not disabled. (Tr. 8-31). Plaintiff's request for review was denied by the Appeals Council on January 16, 2025, and subsequently, she initiated this action on March 21, 2025. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ determined that Plaintiff had the following severe impairments: "migraine headaches; degenerative disc disease, lumbar spine; degenerative joint disease, bilateral hands; carpal tunnel syndrome, bilateral hands; obesity; major depressive disorder; generalized anxiety disorder; and substance abuse disorder, alcohol[.]" (Tr. 14). The ALJ found that, despite her impairments, Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform light work . . . except the individual can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The individual can push and pull as much as the individual can lift and/or carry. The individual can sit for 6 hours, with the ability to alternate to standing for 2 minutes after every 30 minutes of sitting. The individual can stand for 4 hours, with the ability to alternate to sitting for 2 minutes after every 30 minutes of standing. The individual can walk for 2 hours, with the ability to alternative to sitting for 2 minutes after every 30 minutes of walking. The individual can frequently handle, finger, and feel with the bilateral hands. The individual can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can occasionally balance, stoop, kneel, crouch, and crawl. The individual can never work at unprotected heights. The individual can occasionally work around moving mechanical parts. The individual can occasionally work in dust, odors, fumes, and pulmonary irritants. The individual can occasionally work in humidity, wetness, extreme heat, and vibration. The individual can occasionally work in moderate noise. The individual can perform simple and routine tasks, further described as unskilled work with a reasoning level of 3 or less, per the *Dictionary of Occupational Titles*. The individual can frequently interact with supervisors, coworkers, and the general public.

(Tr. 17).

Based upon this RFC assessment and testimony from a vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a routing clerk, a photocopy machine operator, and a mail clerk. (Tr. 25-26). Accordingly, the ALJ concluded that Plaintiff is not disabled. (Tr. 26-27).

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (explaining the five-step process to determine whether a claimant has met the burden of proving his or her disability). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013) (citation omitted).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence "must do more than [merely] create a suspicion of the existence of the fact to be established" and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402

U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as a finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *See Edwards*, 937 F.2d at 584 n.3 (citation omitted); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (citing *Bloodsworth*, 703 F.2d at 1239). This is a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

## III.    DISCUSSION

Plaintiff raises only one issue on appeal: whether the ALJ erred in his consideration of the medical opinion of consultative examiner, Alex Perdomo, M.D. (Doc. 10 at pp. 5-9).

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *See Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite h[er] impairments." *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)); 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(3); *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citation omitted).

The regulations governing the evaluation of medical opinions were amended for disability applications filed on or after March 27, 2017, as this one was. *See* 20 C.F.R. §

- 4 -

404.1520c; *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 n.4 (11th Cir. 2021) (indicating that 20 C.F.R. § 404.1527 only applies to disability claims filed before March 27, 2017, and claims filed after that date are governed by 20 C.F.R. § 404.1520c, which prescribes a somewhat different framework for evaluating medical opinions). Under 20 C.F.R. § 404.1513(a), medical evidence is divided into five categories: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative medical findings. *See* 20 C.F.R. § 404.1513(a). Pursuant to 20 C.F.R. § 404.1520c, the ALJ must consider the "persuasiveness" of all medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 404.1520c(a), (b).

In making this determination, an ALJ must consider the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) the source's relationship with the claimant;[1] (4) the source's area of specialization; and (5) any other relevant factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *See* 20 C.F.R. § 404.1520c(c). "[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021); *see* 20 C.F.R. § 404.1520c(c)(1)-(2). "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records;

---

[1] This factor combines consideration of the following issues: length of the treatment relationship; frequency of examinations; purpose of the treatment relationship; extent of the treatment relationship; and examining relationship. *See* 20 C.F.R. § 404.1520c(c)(3)(i)-(v).

and (2) consistent with the other evidence of record." *Sosa v. Kijakazi*, No. 8:20-cv-1360-SPF, 2022 WL 420755, at *3 (M.D. Fla. Feb. 11, 2022).

In evaluating the persuasiveness of a medical opinion, the ALJ must explain how he considered the factors of supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(a), (b)(2); *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *6 (M.D. Fla. Apr. 8, 2020) ("[T]he new regulations require an explanation, even if the ALJ . . . believe[s] an explanation is superfluous."); *Brioso v. Kijakazi*, No. 22-CV-21991-JEM, 2023 WL 5595912, at *8 (S.D. Fla. Aug. 11, 2023) ("[A] reviewing court must be able to discern whether the ALJ found the medical opinion persuasive, and the basis of the ALJ's findings as to supportability and consistency."); *see also Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (collecting cases, where failure to address supportability and consistency factors in ALJ's decision was reversible error). "[T]he ALJ's decision need not provide a detailed description of the supportability and consistency . . . of each finding[.]" *Cayce v. Kijakazi*, No. 3:20-cv-797-JTA, 2022 WL 904988, at *6 (M.D. Ala. Mar. 28, 2022). However, the new regulations require "more than a conclusory statement, at least with respect to the supportability and consistency factors so that a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions." *See Works v. Saul*, No. 4:19-cv-0151-MHH, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021); *Battie v. Kijakazi*, No. 20-24444-CIV, 2022 WL 4000728, at *6 (S.D. Fla. Aug. 9, 2022), *report and recommendation adopted sub nom*, *Battie v. Comm'r of Soc. Sec.*, 2022 WL 3975093 (S.D. Fla. Sept. 1, 2022) ("Conclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision.") (citation omitted).

While the ALJ must articulate and explain how he considered the supportability and consistency factors for a medical source's medical opinion or prior administrative medical findings, the ALJ is not required to discuss or explain how he considered the other remaining factors in determining persuasiveness. *See* 20 C.F.R. § 404.1520c(b)(2); *see also Delaney v. Comm'r of Soc. Sec.*, No. 6:20-cv-2398-DCI, 2022 WL 61178, at *2 (M.D. Fla. Jan. 6, 2022) (noting that the ALJ may, but is not required to, explain how he or she considered the remaining factors besides supportability and consistency).

In this case, Dr. Perdomo examined Plaintiff on April 17, 2024, at the request of the Division of Disability Determinations. (Tr. 20, 1182-88). Based on his examination of Plaintiff, Dr. Perdomo opined that Plaintiff could:

> [S]tand and walk for three to four hours a day in an eight-hour workday with normal breaks. She can sit for three to four hours a day in an eight-hour workday with normal breaks. She can occasionally lift and carry, but should limit the weightlifting to no more than 5 pounds. She should also avoid repetitive bending, stooping or crouching. No assistive device for ambulation was required. Due to the painful bilateral hand movement, she should avoid repetitive use of the hands including gripping maneuvers. She needs adequate continuity of care for proper management of her other chronic disease.

(Tr. 21, 1184). In the decision, the ALJ summarized Dr. Perdomo's examination and opinion. (Tr. 20-21). When evaluating Dr. Perdomo's opinion, the ALJ concluded as follows:

> The undersigned does find persuasive the consultative opinions of Dr. Alex Perdomo, M.D., Silver Star Family Medicine, who limited the claimant to standing, waling [sic], and sitting no more than 3-4 hours per day; lifting and/carrying [sic] no more than 5 pounds; avoidance of gripping maneuvers; and avoidance of repetitive bending, stooping, and crouching (Ex. 6F). Dr. Perdomo's findings are excessive in light of her physical examination, which includes largely mild objective support and negative straight leg raise testing. In addition, the longitudinal record lacks ongoing support for such limited lifting and/or carrying or 4-hour sitting limitations.

(Tr. 24).

Upon review, the Court finds that the ALJ erred in evaluating Dr. Perdomo's opinion. While the ALJ notes the inconsistencies between Dr. Perdomo's opinions and the medical record at large, the ALJ's decision lacks any meaningful supportability analysis. In the RFC assessment, the ALJ lists his reasons for finding Dr. Perdomo's opinions unpersuasive,[2] including that "Dr. Perdomo's findings [we]re excessive in light of her physical examination, which include[d] largely mild objective support and negative straight leg raise testing." (Tr. 24). Notably, however, the ALJ fails to sufficiently explain *how* he considered the supportability factor in evaluating Dr. Perdomo's opinion. *See* 20 C.F.R. § 404.1520c(b)(2) (requiring the ALJ to "explain *how* [h]e considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision") (emphasis added); *Vicente v. Comm'r of Soc. Sec.*, No. 6:22-cv-01057-LHP, 2023 WL 2864407, at *6 (M.D. Fla. Apr. 10, 2023) (recognizing that the new regulations require the ALJ "to specifically address and explain both . . . supportability and consistency") (citations and internal quotation marks omitted); *Battie*, 2022 WL 4000728, at *6 ("Conclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision.") (citation omitted). In particular, the ALJ does not specifically articulate how Dr. Perdomo's own examination and/or examination notes fail to support his opinions. *See McDaniel v. Comm'r of Soc. Sec.*, No. 6:21-cv-125-LHP, 2022 WL 11348279, at *5 (M.D. Fal. July 5, 2022) (remanding for failure to articulate consideration of the supportability factor because "the exhibits the ALJ references are from other medical sources—the ALJ nowhere explains how [the examiner's] own treatment and

---

[2] While the ALJ stated that he found Dr. Perdomo's opinion "persuasive" (Tr. 24), this appears to be a typographical error.

examination notes fail to support his opinions"); *Lawrence v. Kijakazi*, No. 2:20-cv-67, 2022 WL 421139, at \*4-5 (S.D. Ga. Jan. 24, 2022), *report and recommendation adopted*, 2022 WL 417767 (S.D. Ga. Feb. 10, 2022) (remanding where ALJ did not clearly state how the medical opinion was not supported by the record or by the doctor's own examination findings); *Brown*, 2021 WL 2917562, at \*4 ("[T]he ALJ must build a logical analytical bridge explaining what particular evidence undermined [the medical] opinions and why.") (citations omitted). The Court, therefore, is unable to conduct a meaningful review. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable [the court] to conduct meaningful review.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

While the Commissioner has examined the record and attempted to provide support for the ALJ's assessment of Dr. Perdomo's opinions, such *post hoc* rationalizations do not provide the basis for judicial review of an administrative decision. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (per curiam); *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) (per curiam) ("[The Court] cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (citations omitted). This Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *McDaniel*, 2022 WL 11348279, at \*6 ("For the Court to attempt to guess what particular records support the ALJ's decision with respect to Dr. Perdomo's decision would require the Court to reweigh the evidence—which it may not do.") (citations omitted).

Based upon the foregoing, because the ALJ failed to adequately address the supportability factor in evaluating the opinion of Dr. Perdomo, the Court finds that the ALJ's decision is not supported by substantial evidence, and thus, remand is warranted.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Commissioner's decision is **REVERSED** pursuant to 42 U.S.C. § 405(g) and

　　 **REMANDED** for further proceedings consistent with this Order.

(2) The Clerk is **directed** to enter final judgment in favor of Plaintiff and close the file.

**DONE** and **ORDERED** in Ocala, Florida on February 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties